UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-01706 JAR ) |
| MAX MARGULIS and SURREY VACATION RESORTS, INC., d/b/a GRAND CROWNE RESORTS, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This declaratory judgment action concerns the parties' rights and obligations under four insurance policies[1] issued by Plaintiff The Travelers Indemnity Company of Connecticut ("Travelers") to Defendant Surrey Vacation Resorts, Inc., d/b/a Grand Crowne Resorts ("Surrey"), for claims asserted in a Telephone Consumer Protection Act ("TCPA") lawsuit filed by Defendant Max Margulis ("Margulis") and pending in this Court, <u>Max Margulis v. Surrey Vacation Resorts, Inc., d/b/a Grand Crowne Resorts</u>, Case No. 4:14CV1131 JAR (the "Underlying Lawsuit"). In the Underlying Lawsuit, Margulis alleges that on June 18, 2013, Surrey called his cell phone using an automated telephone dialing system without his prior consent. Travelers is presently defending Surrey in the Underlying Lawsuit under an express reservation of rights.[2]

---

[1] The policies at issue are: Travelers Policy Nos. Y-630-2826P571-TCT-10 (the "-10 Policy"), Y-630-2826P571-TCT-11 (the "-11 Policy"), Y-630-2826P571-TCT-12 (the "-12 Policy"), and Y-630-2826-P571-TCT-13 (the "-13 Policy"). (Travelers' Statement of Uncontroverted Material Facts ("SOF"), Doc. No. 9-1 at ¶¶ 11-13, 17)

[2] On November 9, 2016, following a hearing on the record in Case No. 4:14CV1131, the Court granted the motions to withdraw as attorneys of record for Surrey filed by Daniel K. Wooten, Brian K. Asberry

Travelers moves for summary judgment on its claim for declaratory relief on the grounds that each policy contains an express exclusion of coverage for damages arising out of the sending, transmitting, or distributing of unsolicited communications. (Doc. No. 9 at 6-11) Additionally, Travelers argues that no coverage exists under the -10, -11, or -12 policies because the alleged unsolicited June 18, 2013 telephone call to Margulis occurred outside the effective policy period of those three policies (Doc. No. 9 at 5-6). In response, Margulis essentially admits all of Travelers' uncontroverted facts (Doc. No. 11-1) and stipulates that the insurance policies at issue "appear to exclude coverage" for the claims asserted in the underlying lawsuit (Doc. No. 11). A default judgment was entered against Surrey on Travelers' Complaint for Declaratory Judgment on November 10, 2016 (Doc. No. 22).[3]

---

and the law firm of Neale & Newman, LLP, and Joseph C. Sullivan and the law firm of Taylor English Duma LLP (Doc. Nos. 77, 78), and granted Surrey thirty days, up to and including December 9, 2016, to retain alternate counsel (Doc. No. 83). The Court cautioned Surrey that failure to comply with its order could result in the imposition of sanctions against Surrey, including the striking of its pleadings and entry of a default judgment against it (id.).

[3] The Court ordered, adjudged and decreed that:

> (a) That no claim for "bodily injury" or "property damage," as those terms are defined in Travelers Policy Nos. Y-630-2826P571-TCT-10 (the "-10 Policy"), Y-630-2826P571-TCT-11 (the "-11 Policy"), Y-630-2826P571-TCT-12 (the "-12 Policy"), or Y-630-2826P571-TCT-13 (the "-13 Policy") is asserted against Surrey in [the Underlying Lawsuit];
>
> (b) That Surrey's conduct alleged in the Underlying Lawsuit does not constitute an "occurrence" as that term is defined in the -10, -11, -12, or -13 Policies;
>
> (c) That Surrey's conduct alleged in the Underlying Lawsuit occurred outside the effective period of the -10, -11, and -12 Polices;
>
> (d) That coverage for Surrey's conduct alleged in the Underlying Lawsuit under the -10, -11, -12, and -13 Policies is expressly excluded by the "Expected or Intended Injury" exclusion contained in those policies;
>
> (e) That no claim for "personal injury," "advertising injury," or "web site injury," as those terms are defined in the -10, -11, and -12 Policies, is asserted against Surrey in the Underlying Lawsuit;
>
> (f) That no claim for "personal and advertising injury," "personal injury," or "advertising injury," as those terms are defined in the -13 Policy, is asserted against Surrey in the Underlying Lawsuit;

**Legal standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988).

**Discussion**

The interpretation of an insurance policy is a question of law. United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 883 (8th Cir. 2014) (citing Schmitz v. Great Am.

---

(g) That Surrey's conduct alleged in the Underlying Lawsuit does not constitute an offense as that term appears in the -10, -11, -12, or -13 Policies;

(h) That coverage for Surrey's conduct alleged in the Underlying Lawsuit under the -10, -11, -12, and -13 Policies is expressly excluded by the "Knowing Violation Of Rights Of Another" exclusion contained in those policies;

(i) That coverage for Surrey's conduct alleged in the Underlying Lawsuit under the -10, -11, -12, and -13 Policies is expressly excluded by the "Unsolicited Communications Exclusion" exclusion contained in those policies;

(j) That any "statutory damages" assessed under the TCPA against Surrey are punitive in nature and are therefore not covered under the -10, -11, -12, or -13 Policies;

(k) That as a result, Travelers has no obligation to defend Surrey in the Underlying Lawsuit; and

(l) That as a result, Travelers has no obligation to indemnify Surrey in the Underlying Lawsuit.

Assurance Co., 337 S.W.3d 700, 705 (Mo. banc 2011)). If the policy language is unambiguous, "the contract will be enforced as written." Id. (quoting Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 47 (Mo. banc 2009)).

Under Missouri law, an insurer owes a duty to defend its insured whenever the complaint in the underlying lawsuit "alleges facts that give rise to a claim potentially within the policy's coverage." United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 883 (8th Cir. 2014 (quoting McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co., 989 S.W.2d 168, 170 (Mo. banc 1999)). While "[t]he duty to defend is determined by comparing the language of the insurance policy with the allegations in the [underlying] complaint," see id., the insured has the burden of proving that the underlying action is covered by the insurance policy, Tansil v. Allstate Indem. Co., No. 4:12 CV 26 DDN, 2014 WL 29296, at *7 (E.D. Mo. Jan. 3, 2014) (quoting Shelter Mut. Ins. Co. v. Ballew, 203 S.W.3d 789, 792 (Mo. Ct. App. 2006)). Because an insurer's duty to defend is broader than its duty to indemnify, if Travelers owes no duty to defend, it likewise owes no duty to indemnify. United Fire, 751 F.3d at 883 (citing Trainwreck West Inc. v. Burlington Ins. Co., 235 S.W.3d 33, 44 (Mo. Ct. App. 2007)).

In the Underlying Lawsuit, Margulis alleges he incurred "damages" due to receipt of one telephone call from Surrey on June 18, 2013, which he did not specifically request to receive. (SOF at ¶¶ 5, 7) The -10, -11, and -12 Policies only provide coverage for damages because of "bodily injury" or "property damage" occurring "during the policy period," or because of "personal injury" or "advertising injury" arising out of an offense committed during the policy period. These three policies insured successive one-year policy periods: January 1, 2010 - January 1, 2011 (the -10 Policy); January 1, 2011 - January 1, 2012 (the -11 Policy); and January 1, 2012 - January 1, 2013 (the -12 Policy); and each expired well before the June 18, 2013

telephone call. Thus, there is no potential of coverage under the -10, -11, or -12 Policies. See Nationwide Ins. Co. v. Central Missouri Elec. Co-Op., 278 F.3d 742, 747 (8th Cir. 2001) ("Missouri law is clear on this matter: insurance coverage restricted to an occurrence during the policy period "limit[s] an insurance policy to injuries arising during the policy period and … exclude[s] from coverage injuries which occur subsequent to that period…"); see also Shaver v. Insurance Company of North America, 817 S.W.2d 654, 657 (Mo. Ct. App. 1991).

Further, all four Travelers policies at issue contain an "Unsolicited Communications" Endorsement which bars coverage for claims for injury or damage arising out of any actual or alleged violation of any law restricting or prohibiting the sending, transmitting, or distribution of "unsolicited communication." The -10, -11 and -12 Policies define unsolicited communications as "any form of communication, including but not limited to facsimile, electronic mail, posted mail or telephone, in which the recipient has not specifically requested the communication. Unsolicited communications also include but are not limited to communications which are made or allegedly made in violation of the Telephone Consumer Protection Act and any amendments, and/or local or state statutes that bar, prohibit or penalize such communications" (SOF at ¶ 16). The -13 Policy defines unsolicited communications as "any communication, in any form, that the recipient of such communication did not specifically request to receive" (id. at ¶ 21).

The Underlying Lawsuit concerns an unsolicited telephone call that allegedly violated the TCPA (id. at ¶¶ 4-10). The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…." 47 U.S.C. §

227(b)(1)(A)(iii). The TCPA is, therefore, a "law that restricts or prohibits the sending, transmitting or distributing of 'unsolicited communication'" as the phrase appears in the "Unsolicited Communications" Endorsements.

As noted by Travelers, similar exclusions have been applied and enforced to exclude coverage for TCPA violations. See Nationwide Mut. Ins. Co. v. Harris Med. Associates, LLC, 973 F. Supp.2d 1045, 1054 (E.D. Mo. 2013) ("In the underlying litigation, [defendant's] actions are alleged to have violated the TCPA. As a result, plaintiffs have met their burden to establish that the TCPA claims against [defendant] are not covered by the substantive terms of the policies. As a result, there is no potential coverage under the policies for the TCPA claims."); see also Emasco Ins. Co. v. CE Design, Ltd., 784 F.3d 1371, 1381-85 (10th Cir. 2015); Regent Ins. Co. v. Integrated Pain Management, No. 4:14-CV-1759 RLW, 2016 WL 5357408, at *6-7 (E.D. Mo. Sept. 23, 2016); Addison Automatics, Inc. v. Hartford Cas. Ins. Co., No. 13CV1922, 2015 WL 1543216 (N.D. Ill. Mar. 31, 2015); G.M. Sign, Inc. v. State Farm Fire & Cas. Co., 18 N.E.3d 70, as modified on denial of reh'g (Sept. 2, 2014), appeal denied sub nom. G.M. Sign, Inc. Indv. v. State Farm Fire & Cas. Co., 23 N.E.3d 1200 (Ill. 2015). A comparison of the allegations of the petition in the Underlying Lawsuit with the plain language of the four Travelers policies confirms that the "Unsolicited Communications" exclusionary endorsements exclude coverage under each policy, such that Travelers owes no duty to defend or indemnify Surrey in the Underlying Lawsuit.

**Conclusion**

In summary, the record establishes that the four Travelers policies at issue expressly exclude coverage for the Underlying Lawsuit pursuant to each policy's Unsolicited Communications endorsement, and further that the unsolicited telephone call cited in the

Underlying Lawsuit occurred after the expiration of the -10, -11, and -12 Policies' effective policy periods. Summary judgment in favor of Travelers is therefore proper, resulting in a declaration of no coverage under the -10, -11, -12 and -13 Policies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff The Travelers Indemnity Company of Connecticut's Motion for Summary Judgment [8] is **GRANTED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 15th day of December, 2016.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**